UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD THREATT,<br><br>Defendant. | No. 2:17-cr-00076-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Donald Threatt's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 62.) The Government filed an opposition. (ECF No. 66.) Defendant filed a reply. (ECF No. 68.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. Factual and Procedural Background

On August 23, 2018, Defendant pleaded guilty to attempted online enticement of a minor in violation of 18 U.S.C. § 2422(b). (ECF No. 39.) On February 7, 2019, the Court sentenced Defendant to a 212-month term of imprisonment to be followed by a 120-month term of supervised release. (ECF No. 55.) Defendant is currently housed at Sheridan FCI. He has served approximately 49 months of his 212-month sentence, and his projected release date with application of good conduct time is May 31, 2032. On May 21, 2021, Defendant filed the instant motion for compassionate release based on his vulnerability to COVID-19. (ECF No. 62.)

## II. Analysis

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 28, 2020. (ECF No. 62-1 at 1–3.) Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing

Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant argues he is particularly vulnerable to COVID-19 because he is 70 years old and suffers from hypertension and type 2 diabetes. (ECF No. 62 at 1–2.) BOP medical records — filed under seal — confirm Defendant suffers from these medical conditions. For its part, the Government agrees that Defendant's age and medical conditions have been identified by the Centers for Disease Control and Prevention ("CDC") as high-risk factors for COVID-19 complications. (ECF No. 66 at 7–8); s*ee generally* CDC, Coronavirus Disease 2019 (COVID-19), People at Increased Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited June 22, 2021). However, the Government emphasizes that Defendant has twice refused the COVID-19 vaccine. (ECF No. 66 at 8.) In reply, Defendant argues his "decision to not take the COVID-19 vaccine, like his decision to not take the influenza vaccine previously, is based on a medical concern related to how the COVID-19 vaccine, or any vaccine for that matter, would impact his chronic medical issues." (ECF No. 68 at 2.) Yet Defendant does not provide any evidence that the vaccine would adversely affect his health, or that any such risks outweigh the benefits of the vaccine. The Court therefore agrees with the Government that Defendant's refusal of a vaccine undermines his argument that he does not have access to adequate medical care.

///

Even assuming the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

In his motion, Defendant cites various assertions from the presentence report that this Court already considered prior to sentencing. (ECF No. 62 at 9–10.) Defendant also argues, among other things, that his age and physical conditions mitigate any risk to the community, he has support from his family, and he is willing to submit to necessary conditions of release. (*Id.* at 10; *see also* ECF No. 68 at 3–5.) Defendant seeks to reduce his sentence to time served despite having served only approximately 49 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, 212-month sentence to a considerably lower 49-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.

The applicable guideline range at sentencing was 188 to 235 months in prison. After considering many of the same arguments Defendant repeats now, the Court sentenced Defendant to 212 months in prison. Defendant's mid-range, 212-month sentence is well-supported, especially considering the nature and circumstances of the offense and Defendant's history and characteristics. Defendant committed the instant offense at age 67 while on state probation for similar convictions, which involved travelling to meet an underage minor female to engage in sex. Moreover, Defendant was found twice in possession of sexually explicit materials while on probation. Forensic examination of his computers revealed that he has been engaging in this type of behavior since 2008 and had hands-on contact with a minor on at least one occasion.

Defendant's dangerous pattern of behavior suggests he is still a danger to the community despite his age and physical conditions. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 212-month sentence.

4

**III. CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 62.)

IT IS SO ORDERED.

DATED: June 23, 2021

Troy L. Nunley
United States District Judge